IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01179-OES

ROY ALLEN GREEN,

    Plaintiff,

v.

HARLEY LAPPIN - Director BOP,
ROBERT HOOD - Ex Warden ADX,
R. WILEY - Warden ADX,
MICHAEL K. NALLEY - Regional Director, North Central BOP,
J. YORK, S.I.S. Tech ADX,
COUNSLOR [sic] JONES, Counslor [sic] ADX, and
JOHN DOES 1 & 2,

    Defendants.

FILED
UNITED STATES DISTRICT COURT

JUL 28 2005

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff Roy Allen Green is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. He initiated this action by filing *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He asks for money damages and declaratory relief.

The Court must construe the complaint liberally because Mr. Green is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below,

Mr. Green will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Green's complaint is unnecessarily long. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Green's sole complaint appears to be that he disagrees with S.I.S. Tech J. York's rejection of his outgoing correspondence as insolent towards prison staff. On the basis of these allegations, he asserts that his First

Amendment free speech rights have been violated. Yet he devotes numerous pages to listing chronological events and to making repetitious allegations that he easily could have stated in only a few pages, and the complaint still fails to make clear the reason or reasons he is suing each named defendant. Rather than summarizing each claim succinctly, Mr. Green apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Green's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Green must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Green also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as BOP Director Harley Lappin, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703

F.2d 479, 483 (10th Cir. 1983). Mr. Green may use fictitious names, such as "John Doe 1" and "John Doe 2" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Green uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Green should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Green is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Green should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Green file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Green, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Green submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Green fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 28th day of July, 2005.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01179-OES

Roy Allen Green
Reg. No. 03327-063
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/28/05

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk