IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01179-PSF-CBS

ROY ALLEN GREEN,
    Plaintiff,
v.

J. YORK, and
ROBERT HOOD,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action is before the court on Green's "Motion to Recuse Magistrate Judge Craig B. Shaffer for Cause" (filed May 16, 2006) (doc. # 73). Pursuant to the August 18, 2005 Order of Reference (doc. # 14) and the memorandum dated May 17, 2006 (doc. # 74), this matter has been referred to the Magistrate Judge. The court has reviewed the pending Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Green moves for recusal of this Magistrate Judge based on the court's May 3, 2006 "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause" (doc. # 63).[1] On May 3, 2006, the court ordered Green to make monthly filing fee payments or to show cause. (*See* doc. # 63). Also on May 3, 2006, the court received Green's letter regarding filing fees and Green's $20.00 partial payment (docs. # 64 and # 65). On May 4, 2006, the court issued an Order (doc. # 66) discharging the May 3, 2006 Order. On

1

May 8, 2006, the court received Green's declaration and certified copy of his inmate account statement for the month of April 2006. On May 10, 2006, Green moved for reconsideration of the court's order. On May 11, 2006, the court denied as unnecessary Green's request to reconsider the May 3, 2006 Order because the court had already discharged the May 3, 2006 Order. The May 3, 2006 Order was discharged and is no longer in effect.

Green argues that the May 3, 2006 order is evidence that "Magistrate Shaffer has demonstrated prejudice against plaintiff as outlined in this motion & declaration and should not be allowed to hear or rule on future issues in this case." (Green's Motion at 2nd through 4th pages). Green does not cite the legal authority under which he seeks recusal. The court will therefore examine the possible avenues for seeking recusal.

1.  Standards of Review

    a.  Title 28 U.S.C. § 144

Section 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to disqualify himself or herself. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one

> such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 requires an affidavit of bias and prejudice which must be timely and sufficient, among other things.  *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (citations omitted).  "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Although a reviewing court must accept the truth of the facts alleged in a supporting affidavit, the affidavit is strictly construed against the party seeking recusal.  *Glass*, 849 F.2d at 1267.  "To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case."  *Sine v. Local No. 992, Intern. Broth. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (emphasis in original) (citations omitted).

   b.   Title 28 U.S.C. § 455

Section 455(a) provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995);  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.

1993) (citations omitted); *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993. In applying the objective test, the initial inquiry is whether a reasonable <u>factual</u> basis exists for calling the judge's impartiality into question. *Cooley*, 1 F.3d at 993 (citations omitted) (emphasis in original).

Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. *Cooley*, 1 F.3d at 993 (quoting H. Rep. No. 1453, 93d Cong., 2d Sess. 1 (1974), *reprinted in* 1974 U.S. Code Cong. & Admin. News 6351, 6355). The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993 (citations omitted).

Section 455(b) provides:

(b) He shall also disqualify himself in the following circumstances: . . . .

   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

      (3)  Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

      (4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

      (5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
        (i)  Is a party to the proceeding, or an officer, director, or trustee   of a party;
        (ii)  Is acting as a lawyer in the proceeding;
        (iii)  Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
        (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.[2]

"[Section] 455(b) is stricter than § 455(a) and is concerned with situations that may involve actual bias rather than § 455(a)'s concern with the public perception of the judicial process." *Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994) (internal quotation marks and citation omitted).  Section 455(b)(1) "applies to knowledge which the judge obtained extrajudicially, *e.g.,* through prior representation of a party, or by witnessing the events at issue in the proceeding." *United States v. Page*, 828 F.2d 1476, 1481 (10th Cir. 1987).  "Section 455(b)(1) does not apply to knowledge obtained in the course of related judicial proceedings." *Page*, 828 F.2d at 1481.

Under Section 455, factual allegations need not be taken as true.  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  "Nor is the judge limited to those facts presented by the challenging party." *Hinman*, 831 F.2d at 939.  The test is whether "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's

impartiality." *Glass*, 849 F.2d at 1268 (citation omitted).

Section 455 "does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d at 1269-70. "There must be a reasonable factual basis to question the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *In re McCarthey*, 368 F.3d at 1269. "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939 (citations omitted).

2.   Analysis

The provisions of 28 U.S.C. §§ 144 and 455 do not command automatic disqualification of the judge - on the contrary, "the decision to recuse is committed to the sound discretion of the judge." *Hinman*, 831 F.2d at 938. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman*, 831 F.2d at 939. The statute is not intended to give litigants a veto power over sitting judges. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995).

The court concludes that Green's allegations do not rise to the level of bias under either § 144 or § 455. Green has presented only his personal speculation that the Magistrate Judge is biased, based one prior order. The order to which Green takes exception has since been discharged. The mere fact that a judge has made an adverse ruling during litigation does not establish prejudice or bias. *Gigax*, 605 F.2d at 511 (applying § 144) (citation omitted). *See also Cooley*, 1 F.3d at 993-94 ("prior rulings in

6

the proceeding, or another proceeding, solely because they were adverse" or "the mere fact that a judge has previously expressed an opinion on a point of law" do not require recusal) (applying § 455(a));  *Knoll v. Socony Mobil Oil*, 369 F.2d 425, 430 (10th Cir. 1966) (nor is disqualification of the judge authorized on the basis of a judge's previously expressed view of the law, the fact that a judge has decided a previous case against a litigant, or the fact that a judge has made adverse rulings against a party during litigation) (applying § 144).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994) (applying § 455(a)). Here, the ruling that Green relies on as the basis for recusal issue cannot even be characterized as adverse, as it was discharged and is not longer in effect.  As Green has not met the requirements of § 144 or § 455, recusal is properly denied.  Accordingly,

IT IS ORDERED that:

1.     Green's "Motion to Recuse Magistrate Judge Craig B. Shaffer for Cause" (filed May 16, 2006) (doc. # 73) is DENIED.

2.     The preliminary Scheduling Conference on the single remaining claim alleging deprivation of Green's First Amendment rights by Defendant York remains set on **June 27, 2006 at 8:30 a.m.** at the Alfred A. Arraj U.S. Courthouse, Courtroom A402 , Fourth Floor, 901 19th Street, Denver, Colorado. (*See* doc. # 62).  Green and/or his case manager shall arrange for Green's participation via telephone and shall call **(303) 844-2117** at the scheduled time.

DATED at Denver, Colorado this 25th day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

1. While Green mentions the court's February 14, 2006 and March 8, 2006 Recommendations (docs. # 49 and 53), he specifically states that those Recommendations are "not the grounds for requesting . . . removal" of the Magistrate Judge.

2. Green's allegations do not appear to invoke subsections (2), (3), (4), or (5) of § 455(b).